IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02405-REB-CBS

JONATHAN PALOZIE,
    Plaintiff,
v.

GREGORY HERSHBERGER, Regional Director,
ROBERT A. HOOD, Warden,
LAWRENCE L. LEYBA, C.O.D.O.,
ANTHONY OSAGIE, C.O.P.A.,
HEMCMA S. TRAPP, C.O.N.P.,
MICHAEL CARR, C.O.M.T.,
ROBERT FRICKEY, C.O.N.P.,
DAVE SHIEFELBEIN, C.O.P.A., and
50 UNKNOWN PRISON OFFICIALS,
    Defendants.

_____

ORDER
_____

This civil action comes before the court on: (1) "Defendants' Motion for More Definite Statement" filed by Defendants Leyba, Osagie, and Shiefelbein on November 21, 2005 (doc. # 37);  (2) Defendant Trapp's "Motion for More Definite Statement" (filed December 16, 2005) (doc. # 42); and (3) Palozie's "Motion to Request Court to Serve Legible Copy" (filed December 20, 2005) (doc. # 45).  Pursuant to the Order of Reference dated December 8, 2004 and the memorandum dated January 10, 2005, these matters were referred to the Magistrate Judge.  The court has reviewed the pending matters, the entire case file, and the applicable law and is sufficiently advised in the premises.

Palozie is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary, Marion, Illinois ("USP-Marion").  In this

1

lawsuit, Palozie alleges that Defendants, who were all employed at the United States Penitentiary, Administrative Maximum, Florence, Colorado ("USP-Florence"), violated his Eighth Amendment rights by their conduct between November 30 and December 13, 2002.

In their Motions for More Definite Statement, Defendants seek a legible copy of Palozie's "Prisoner Complaint" (filed November 19, 2004) (doc. # 3). Defendants state that they have obtained a copy of the original Complaint from the Clerk of the Court and a copy of the Complaint from the U.S. Attorney's Office, neither of which are any more legible than the copy Defendants already had. The court has reviewed the original Complaint in the court's file and agrees that pages 3 and 4 of the original Complaint submitted by Palozie are not legible. While some of the pages of the Complaint were handwritten in blue ink by Palozie, pages 3 and 4 of the original Complaint are photocopied pages, not written in ink. Because the court does not have a legible original or copy of the Complaint, the court cannot "copy one dark copy and duly serve the Defendants," as Palozie requests.

Accordingly, IT IS ORDERED that:

1. "Defendants' Motion for More Definite Statement" filed by Defendants Leyba, Osagie, and Shiefelbein on November 21, 2005 (doc. # 37) is GRANTED.

2. Defendant Trapp's "Motion for More Definite Statement" (filed December 16, 2005) (doc. # 42) is GRANTED.

3. Palozie's "Motion to Request Court to Serve Legible Copy" (filed December 20, 2005) (doc. # 45) is DENIED.

4. **Palozie shall rewrite and file pages 3 and 4 of his "Prisoner Complaint" (filed November 19, 2004) (doc. # 3) on or before January 17, 2006.**

5. **If Palozie cannot rewrite and file pages 3 and 4 of his "Prisoner**

**Complaint" on or before January 17, 2006, Palozie shall orally restate pages 3 and 4 of his Prisoner Complaint at a telephone conference set January 23, 2006 at 8:45 a.m.  Palozie and/or his case manager shall arrange for Palozie's participation in the conference via telephone and shall call (303) 844-2117 at the scheduled time.**

      6.      If the court receives rewritten pages 3 and 4 of the Complaint from Palozie on or before January 17, 2006 , the court may vacate the January 23, 2006 telephone conference as unnecessary.

      7.      Palozie is warned that if "the order of the court is not obeyed . . . the court may strike the pleading to which the motion was directed or make such order as it deems just."  Fed. R. Civ. P. 12(e).

      DATED at Denver, Colorado, this 22nd day of December, 2005.

      BY THE COURT:

        s/ Craig B. Shaffer  
      Craig B. Shaffer  
      United States Magistrate Judge