IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02405-REB-CBS

JONATHAN PALOZIE,
    Plaintiff,
v.

GREGORY HERSHBERGER, Regional Director,
ROBERT A. HOOD, Warden,
LAWRENCE L. LEYBA, C.O.D.O.,
ANTHONY OSAGIE, C.O.P.A.,
HEMCMA S. TRAPP, C.O.N.P.,
MICHAEL CARR, C.O.M.T.,
ROBERT FRICKEY, C.O.N.P.,
DAVE SHIEFELBEIN, C.O.P.A., and
50 UNKNOWN PRISON OFFICIALS,
    Defendants.

_____

ORDER
_____

This civil action comes before the court on Palozie's filing on March 28, 2006 (doc. # 76), construed by the District Judge as Palozie's "Motion for Order to be relieved from submitting monthly account statements." Pursuant to the Order of Reference dated December 8, 2004 and the memorandum dated April 7, 2006 (doc. # 77), this matter was referred to the Magistrate Judge. The court has reviewed the matter, the entire case file, and the applicable law and is sufficiently advised in the premises.

On November 19, 2004, the court permitted Palozie to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Palozie was permitted to proceed with this civil action without payment of an initial partial filing fee and was ordered to pay the full $150.00 filing fee through monthly installments. (*See* November 19, 2004 Order (doc.

# 2) at p. 2). Title 28 U.S.C. §1915(b)(2) requires that a prisoner "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." Thus, the court ordered Palozie to "make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month . . . why he has no assets and no means by which to make the monthly payment." (*See* doc. # 2 at p. 2). Palozie was warned that failure to comply with these requirements may result in dismissal of his complaint without further notice. (*See* doc. # 2 at p. 2).

Since initiating this lawsuit, Palozie has made no partial filing fee payments. Palozie explains that he has been a prisoner for 14 years with "no job" and "on no payroll." He indicates that he will soon be in a trial in another case and will be unable to comply with the court's previous order to show cause each month why he has no assets and no means by which to make the monthly payment. Palozie therefore asks to be relieved of his obligation to make monthly payments of 20 percent of the preceding month's income credited to his trust fund account or show cause each month why he has no assets and no means by which to make the monthly payment.

The Prison Litigation Reform Act provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee," subject to payment on an installment plan. 28 U.S.C. § 1915(b)(1)-(2). *See also, e.g., Smith v. Urban*, 928 F. Supp. 532 (E.D. Pa. 1996) (under the PLRA, "if a prisoner brings a civil action in forma pauperis, he must pay the full amount" of the filing fee). "Congress may require even indigent plaintiffs to prepay the filing fee in civil cases." *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998) (citation omitted). "All the partial-prepayment and periodic-payment provisions in the amended § 1915 do is provide a means to collect from prison trust accounts sums that

prisoners owe independently of § 1915 (for it is not § 1915 that imposes the filing fees)." *Lucien*, 141 F.3d at 775.

Even subsequent release from prison does not relieve a prisoner of the obligation to pay the filing fee in full. *Lucien v. DeTella*, 141 F.3d at 776 (citation omitted). *See also In Re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("We find nothing to indicate that Congress intended to create a loophole through which prisoners could evade their PLRA fee obligations while in prison and be permanently relieved of these duties upon their release"). "All § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Lucien*, 141 F.3d at 775 (internal quotation marks and citations omitted) (emphasis in original). *See also In Re Smith*, 114 F.3d at 1251 (in forma pauperis status merely "defers, but does not permanently excuse, the payment of filing fees"); *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able").

While § 1915(b)(4) "excuses prepayment of the filing fee for prisoners who lack assets or means to pay at the time an action is filed, it does not excuse such prisoners from compliance with the PLRA's procedural requirements, or from the obligation to make installment payments using any funds that come into their prison accounts subsequent to filing." *In Re Smith*, 114 F.3d at 1251. "Nothing in § 1915(b)(4) overrides the court's obligation to 'assess and, when funds exist, collect,' applicable fees from petitioners who, though lacking assets at the time of filing, subsequently gain means, . . . " *In Re Smith*, 114 F.3d at 1251 (quoting § 1915(b)(1)).

In sum, pursuant to 28 U.S.C. § 1915, Palozie remains obligated to make the required monthly payment of 20 percent of each month's income credited to his account

or to show cause why he cannot make the required monthly payment by filing a current certified copy of his trust fund account statement until the $150.00 filing fee is paid in full.  Accordingly,

    IT IS ORDERED that Palozie's filing on March 28, 2006 (doc. # 76), construed by the District Judge as Palozie's "Motion for Order to be relieved from submitting monthly account statements" is DENIED.

    DATED at Denver, Colorado, this 12th day of April, 2006.

                                      BY THE COURT:

                                      *s/Craig B. Shaffer*
                                      United States Magistrate Judge