IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02405-REB-CBS

JONATHAN PALOZIE,
    Plaintiff,
v.

GREGORY HERSHBERGER, et al.,
    Defendants.
_____

RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Defendants' Updated Status Report filed December 1, 2006 (doc. # 94). Pursuant to the Order of Reference dated December 8, 2004, this matter was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, including discovery and other non-dispositive motions . . . and submit proposed findings of fact and recommendations for rulings on dispositive motions."

    Palozie filed two motions that have been pending in this case since April 10, 2006. (*See* docs. # 78 and # 79). The court set a status conference on July 24, 2006 to address the pending motions. On July 21, 2006, Defendants requested a stay of the proceedings due to Palozie's hospitalization for injuries sustained in an attack by another inmate. (*See* doc. # 85). On July 21, 2006, the court granted a temporary stay and rescheduled the status conference on September 5, 2006. (*See* doc. # 87).

    Pursuant to a telephone communication from Defendants' counsel on September 1, 2006, the court vacated the September 5, 2006 status conference due to Palozie's continued hospitalization. (*See* doc. # 89). On September 5, 2006, Defendants filed a

1

status report regarding Palozie's continued condition and hospitalization. Pursuant to the court's October 31, 2006 Order (doc. # 91), Defendants filed their Updated Status Report on December 1, 2006.

The evidence currently before the court indicates that Palozie was seriously injured by another inmate on or about May 30, 2006 at the United States Penitentiary in Marion, Illinois. (Declaration of Benjamin Brieschke (doc. # 94-2) at ¶ 5). Due to his injuries, Palozie was transported to a community hospital outside the prison. (Brieschke Declaration at ¶ 5). On or about September 26, 2006, Palozie was transferred to the Federal Medical Center in Butner, North Carolina. (Brieschke Declaration at ¶ 8). Currently, Palozie requires the assistance of a ventilator to breathe and it appears that Palozie will remain on a ventilator indefinitely. (Brieschke Declaration at ¶¶ 8, 10). Palozie "is currently in a persistent vegetative state and his condition is not expected to change." (Brieschke Declaration at ¶ 10). In light of these tragic circumstances,

**IT IS RECOMMENDED** that this civil action be administratively closed pursuant to D.C. COLO. LCivR 41.2, subject to reopening for good cause.

Further, **IT IS ORDERED** that:

1. Palozie's "Motion Pursuant to Rule 37(a)(2) Fed. R. Civ. P., for an Order Compelling Discovery [sic]" (filed April 10, 2006) (doc. # 78) is DENIED WITHOUT PREJUDICE.

2. Palozie's "Motion under Rule 11(b)(1)(c)(B)(3) before the Craig B. Shaffer, U.S.M. Judge Mar. 9-2006 [sic]" (doc. # 79) is DENIED WITHOUT PREJUDICE.

3. **The Clerk of the Court is directed to update Mr. Palozie's current mailing address to Federal Medical Center, P.O. Box 1500, Butner, North Carolina**

**27509** and to mail a copy of this Recommendation and Order to Palozie at that address.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de*

*novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 5th day of December, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge